**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: 212-561-7700
Gregory V. Demo (*pro hac vice* pending)
Jeffrey W. Dulberg (*pro hac vice* pending)
Jordan A. Kroop (*pro hac vice* pending)
Email: gdemo@pszjlaw.com
jdulberg@pszjlaw.com
jkroop@pszjlaw.com

**TAVENNER & BERAN, PLC**
20 North Eighth Street, Second Floor
Richmond, VA 23219
Telephone: 804-783-8300
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
Email: ltavenner@tb-lawfirm.com
pberan@tb-lawfirm.com

*Proposed Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| RIVERSTREET COMMUNICATIONS OF VIRGINIA, INC., | Case No. 26-72823 (FJS) |
| Debtor. | |
| Tax I.D. No. 81-0784170 | |
| In re: | Chapter 11 |
| AMELIA TELEPHONE CORPORATION, | Case No. 26-72822 (FJS) |
| Debtor. | |
| Tax I.D. No. 54-0121192 | |
| In re: | Chapter 11 |
| BARNARDSVILLE TELEPHONE COMPANY, | Case No. 26-72828 (FJS) |
| Debtor. | |
| Tax I.D. No. 56-6007071 | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ELECTRONICS SERVICE CO. OF HAMLET, LLC, | ) | Case No. 26-72831 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 20-2273111 | ) | |
| In re: | ) | Chapter 11 |
| ELLERBE TELEPHONE COMPANY, | ) | Case No. 26-72832 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 56-0586911 | ) | |
| In re: | ) | Chapter 11 |
| NEW CASTLE TELEPHONE COMPANY, | ) | Case No. 26-72833 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 54-1662283 | ) | |
| In re: | ) | Chapter 11 |
| PEOPLES MUTUAL TELEPHONE COMPANY, | ) | Case No. 26-72834 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 54-0337020 | ) | |
| In re: | ) | Chapter 11 |
| RIVERSTREET COMMUNICATIONS OF NORTH CAROLINA, INC., | ) | Case No. 26-72835 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 47-5030178 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| RIVERSTREET CONNECTIONS, LLC, | ) | Case No. 26-72838 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 88-4325545 | ) | |
| In re: | ) | Chapter 11 |
| RIVERSTREET INTERMEDIATE HOLDINGS, LLC, | ) | Case No. 26-72839 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 33-1660305 | ) | |
| In re: | ) | Chapter 11 |
| RIVERSTREET MANAGEMENT SERVICES, LLC, | ) | Case No. 26-72825 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 47-2654447 | ) | |
| In re: | ) | Chapter 11 |
| RIVERSTREET NETWORKS, INC., | ) | Case No. 26-72840 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 26-2306575 | ) | |
| In re: | ) | Chapter 11 |
| RIVERSTREET PARENT HOLDINGS, LLC, | ) | Case No. 26-72841 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 33-1646535 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| RIVERSTREET WIRELESS ASSETS, LLC, | ) | Case No. 26-72842 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 33-1426415 | ) | |
| In re: | ) | Chapter 11 |
| RIVERSTREET WIRELESS OF NORTH CAROLINA, INC., | ) | Case No. 26-72843 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 84-3573925 | ) | |
| In re: | ) | Chapter 11 |
| RIVERSTREET WIRELESS OF VIRGINIA, INC., | ) | Case No. 26-72844 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 54-1998359 | ) | |
| In re: | ) | Chapter 11 |
| SALUDA MOUNTAIN TELEPHONE COMPANY, | ) | Case No. 26-72845 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 56-1039061 | ) | |
| In re: | ) | Chapter 11 |
| SERVICE TELEPHONE COMPANY, | ) | Case No. 26-72847 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 56-0707059 | ) | |



4911-2659-0402.3 74734.00001

| | |
|---|---|
| In re:<br><br>TRI-COUNTY COMMUNICATIONS, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 56-1934765 | Chapter 11<br><br>Case No. 26-72848 (FJS) |
| In re:<br><br>WILKES COMMUNICATIONS, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 56-2006265 | Chapter 11<br><br>Case No. 26-72849 (FJS) |
| In re:<br><br>WILKES TELEPHONE MEMBERSHIP CORPORATION,<br><br>Debtor.<br><br>Tax I.D. No. 56-0652482 | Chapter 11<br><br>Case No. 26-72826 (FJS) |

**MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (the "Motion") for the entry an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 cases (the "Chapter 11 Cases") for procedural purposes only. In support of this Motion, the Debtors rely upon and refer this Court to the *Declaration of Stuart Kaufman in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day

Declaration"), incorporated herein by reference.[1] In further support of the Motion, the Debtors respectfully represent as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia,* dated August 16, 1984. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and rules 1015-1 and 9013-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules").

**General Background**

4. On the date hereof (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] A capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

No trustee or examiner has been appointed in the Chapter 11 Cases, and no committees have been appointed or designated.

5. The Debtors' mission since 1951 has been to extend essential communications infrastructure to rural communities that would otherwise go unserved. Operating under the unified "RiverStreet" brand, the Debtors provide fiber broadband, voice, wireless, and security services to approximately 31,600 subscribers across predominantly rural Virginia and North Carolina. The Debtors' subscribers include households, farms, small businesses, schools, and public-safety and healthcare users for whom the Debtors' network is the only available connection and the Debtors are the sole provider of essential communications services.

6. A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings is set forth in the First Day Declaration.

**Relief Requested**

7. By this Motion, the Debtors seek entry of an order authorizing and directing the joint administration of the Chapter 11 Cases and the consolidation thereof for procedural purposes only. The Debtors also request that the caption of the Chapter 11 Cases be modified to reflect their joint administration as follows:

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIVERSTREET COMMUNICATIONS OF VIRGINIA, INC., | ) | Case No. 26-72823 (FJS) |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |



4911-2659-0402.3 74734.00001

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Amelia Telephone Corporation (1192), Barnardsville Telephone Company (7071), Electronics Service Co. of Hamlet, LLC (3111), Ellerbe Telephone Company (6911), New Castle Telephone Company (2283), Peoples Mutual Telephone Company (7020), RiverStreet Communications of North Carolina, Inc. (0178), RiverStreet Communications of Virginia, Inc. (4170), RiverStreet Connections, LLC (5545), RiverStreet Intermediate Holdings, LLC (0305), RiverStreet Management Services, LLC (4447), RiverStreet Networks, Inc. (6575), RiverStreet Parent Holdings, LLC (6535), RiverStreet Wireless Assets, LLC (6415), RiverStreet Wireless of North Carolina, Inc. (3925), RiverStreet Wireless of Virginia, Inc. (8359), Saluda Mountain Telephone Company (9061), Service Telephone Company (7059), Tri-County Communications, Inc. (4765), Wilkes Communications, Inc. (6265), and Wilkes Telephone Membership Corporation (2482). The location of the Debtors' corporate headquarters is: 1400 River Street, Wilkesboro, NC 28697.

8. In addition, the Debtors request that the Court direct the Clerk of this Court (the "Clerk") to make a notation substantially similar to the following on the docket of each Debtor:

> An order (the "Joint Administration Order") has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia, directing the joint administration of the chapter 11 cases listed below for procedural purposes only. The docket in Case No. 26-72823 (FJS) RiverStreet Communications of Virginia, Inc., should be consulted for all matters affecting these cases, and all further pleadings and other papers shall be filed in and all further docket entries shall be made in such case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order: RiverStreet Communications of Virginia, Inc., Case No. 26-72823 (FJS); Amelia Telephone Corporation, Case No. 26-72822 (FJS); Barnardsville Telephone Company, Case No. 26-72828 (FJS); Electronics Service Co. of Hamlet, LLC, Case No. 26-72831 (FJS); Ellerbe Telephone Company, Case No. 26-72832 (FJS); New Castle Telephone Company, Case No. 26-72833 (FJS); Peoples Mutual Telephone Company, Case No. 26-72834 (FJS); RiverStreet Communications of North Carolina, Inc., Case No. 26-72835 (FJS); RiverStreet Connections, LLC, Case No. 26-72838 (FJS); RiverStreet Intermediate Holdings, LLC, Case No. 26-72839 (FJS); RiverStreet Management Services, LLC, Case No. 26-72825 (FJS); RiverStreet Networks, Inc., Case No. 26-72840 (FJS); RiverStreet Parent Holdings, LLC, Case No. 26-72841 (FJS); RiverStreet Wireless Assets, LLC, Case No. 26-72842 (FJS); RiverStreet Wireless of North Carolina, Inc., Case No. 26-72843 (FJS); RiverStreet Wireless of Virginia, Inc., Case No. 26-72844 (FJS); Saluda Mountain Telephone Company, Case No. 26-72845 (FJS); Service Telephone Company, Case No. 26-72847 (FJS); Tri-County Communications, Inc., Case No. 26-72848 (FJS); Wilkes Communications, Inc., Case No. 26-72849 (FJS); and Wilkes Telephone Membership Corporation, Case No. 26-72826 (FJS).

9. Finally, the Debtors also request that the Court permit use of a combined service list and correspondingly combined notices.

**Basis for Relief**

10. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" of each other as that term is defined in section 101(2) of the Bankruptcy Code. Thus the Court is authorized to consolidate the Debtors' cases for procedural purposes.

11. Local Rule 1015-1 provides additional authority for the Court to order joint administration of the Chapter 11 Cases:

> In all joint petitions filed with the Court, the case will be administered through joint administration of the estates unless the trustee or other interested party files an objection to joint administration within 14 days after the meeting of creditors and gives notice of a hearing date on such objection..

VA Bankr. L.R. 1015-1.

12. The First Day Declaration establishes that joint administration of the Debtors' cases is warranted because it will ease the administrative burden on the Court and all parties in interest. Joint administration of the Debtors' cases will eliminate the need for duplicate pleadings, notices, and orders on each of the respective dockets and will save the Court, the Debtors, and other parties in interest substantial time and expense when preparing and filing such documents. Further, joint administration will protect parties in interest by ensuring that they will be apprised of the various motions filed with the Court with respect to each of the Debtors' cases. Therefore, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

13. Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only procedural and not substantive consolidation of the

Debtors' estates. Parties in interest will not be harmed by the relief requested. Instead, parties in interest will benefit from the cost reductions associated with the joint administration of the Chapter 11 Cases. Accordingly, the Debtors submit that the joint administration of the Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

14. Finally, the Debtors submit that use of the simplified caption, without reference to the Debtors' full tax identification numbers, addresses, and previous names, will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification. Other case-specific information will be listed in the petitions for the respective Debtors, and such petitions are publicly available and will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) have been fully satisfied.[2]

## Notice

15. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) the top 30 creditors holding unsecured claims currently pending against the Debtors; (c) counsel to the DIP Agent and Prepetition Agent; (d) the United States Attorney's Office for the Eastern District of Virginia; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the state attorneys general for states in which the Debtors conduct business; (h) governmental agencies having a regulatory or statutory interest in these cases; and (i) all parties that have requested or that are required to

[2] *See* 11 U.S.C. § 342(c)(1) (setting forth the information to be included in a notice required to be given by a debtor to a creditor); Fed. R. Bankr. P. 1005 (setting forth the requirements for the caption of a petition commencing a case under the Bankruptcy Code); Fed. R. Bankr. P. 2002(n) (providing that the caption of a notice under Bankruptcy Rule 2002 must comply with Bankruptcy Rule 1005, and providing that the caption of a notice required to be given by a debtor to a creditor must include the information set forth in section 342(c) of the Bankruptcy Code).

receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

**No Prior Request**

16. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**: (a) authorizing and directing the joint administration of the Debtors' cases for procedural purposes only; (b) directing the Clerk to make the docket entries set forth herein; and (c) granting such other and further relief as is just and proper.

*[Remainder of page intentionally left blank]*

Dated: October 21, 2026
Richmond, Virginia

*/s/ Paula S. Beran*
Lynn L. Tavenner (VA 30083)
Paula S. Beran (VA 34679)
**TAVENNER & BERAN, PLC**
20 North Eighth Street, Second Floor
Richmond, VA 23219
Telephone: 804-783-8300
Email: ltavenner@tb-lawfirm.com
pberan@tb-lawfirm.com

- and -

**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: 212-561-7700
Gregory V. Demo (*pro hac vice* pending)
Jeffrey W. Dulberg (*pro hac vice* pending)
Jordan A. Kroop (*pro hac vice* pending)
Email: gdemo@pszjlaw.com
jdulberg@pszjlaw.com
jkroop@pszjlaw.com

*Proposed Counsel for the Debtors and Debtors in Possession*

# <u>EXHIBIT A</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| RIVERSTREET COMMUNICATIONS OF VIRGINIA, INC., | ) | Case No. 26-72823 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 81-0784170 | ) | |
| In re: | ) | Chapter 11 |
| AMELIA TELEPHONE CORPORATION, | ) | Case No. 26-72822 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 54-0121192 | ) | |
| In re: | ) | Chapter 11 |
| BARNARDSVILLE TELEPHONE COMPANY, | ) | Case No. 26-72828 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 56-6007071 | ) | |
| In re: | ) | Chapter 11 |
| ELECTRONICS SERVICE CO. OF HAMLET, LLC, | ) | Case No. 26-72831 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 20-2273111 | ) | |
| In re: | ) | Chapter 11 |
| ELLERBE TELEPHONE COMPANY, | ) | Case No. 26-72832 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 56-0586911 | ) | |

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CASTLE TELEPHONE COMPANY, | Case No. 26-72833 (FJS) |
| Debtor. | |
| Tax I.D. No. 54-1662283 | |

| | |
|---|---|
| In re: | Chapter 11 |
| PEOPLES MUTUAL TELEPHONE COMPANY, | Case No. 26-72834 (FJS) |
| Debtor. | |
| Tax I.D. No. 54-0337020 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RIVERSTREET COMMUNICATIONS OF NORTH CAROLINA, INC., | Case No. 26-72835 (FJS) |
| Debtor. | |
| Tax I.D. No. 47-5030178 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RIVERSTREET CONNECTIONS, LLC, | Case No. 26-72838 (FJS) |
| Debtor. | |
| Tax I.D. No. 88-4325545 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RIVERSTREET INTERMEDIATE HOLDINGS, LLC, | Case No. 26-72839 (FJS) |
| Debtor. | |
| Tax I.D. No. 33-1660305 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RIVERSTREET MANAGEMENT SERVICES, LLC, | Case No. 26-72825 (FJS) |
| Debtor. | |
| Tax I.D. No. 47-2654447 | |
| In re: | Chapter 11 |
| RIVERSTREET NETWORKS, INC., | Case No. 26-72840 (FJS) |
| Debtor. | |
| Tax I.D. No. 26-2306575 | |
| In re: | Chapter 11 |
| RIVERSTREET PARENT HOLDINGS, LLC, | Case No. 26-72841 (FJS) |
| Debtor. | |
| Tax I.D. No. 33-1646535 | |
| In re: | Chapter 11 |
| RIVERSTREET WIRELESS ASSETS, LLC, | Case No. 26-72842 (FJS) |
| Debtor. | |
| Tax I.D. No. 33-1426415 | |
| In re: | Chapter 11 |
| RIVERSTREET WIRELESS OF NORTH CAROLINA, INC., | Case No. 26-72843 (FJS) |
| Debtor. | |
| Tax I.D. No. 84-3573925 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RIVERSTREET WIRELESS OF VIRGINIA, INC., | Case No. 26-72844 (FJS) |
| Debtor. | |
| Tax I.D. No. 54-1998359 | |
| In re: | Chapter 11 |
| SALUDA MOUNTAIN TELEPHONE COMPANY, | Case No. 26-72845 (FJS) |
| Debtor. | |
| Tax I.D. No. 56-1039061 | |
| In re: | Chapter 11 |
| SERVICE TELEPHONE COMPANY, | Case No. 26-72847 (FJS) |
| Debtor. | |
| Tax I.D. No. 56-0707059 | |
| In re: | Chapter 11 |
| TRI-COUNTY COMMUNICATIONS, INC., | Case No. 26-72848 (FJS) |
| Debtor. | |
| Tax I.D. No. 56-1934765 | |
| In re: | Chapter 11 |
| WILKES COMMUNICATIONS, INC., | Case No. 26-72849 (FJS) |
| Debtor. | |
| Tax I.D. No. 56-2006265 | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WILKES TELEPHONE MEMBERSHIP CORPORATION, | ) | Case No. 26-72826 (FJS) |
| Debtor. | ) | |
| Tax I.D. No. 56-0652482 | ) | |

**ORDER AUTHORIZING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of an order (this "Order") pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Motion and the First Day Declaration; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found

[1] A capitalized term used but not defined herein have the meaning ascribed to it in the Motion.

that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, IT IS HEREBY ORDERED THAT:

1. The Motion is hereby GRANTED as set forth herein.

2. The above-captioned chapter 11 cases are hereby consolidated for procedural purposes only and shall be jointly administered by the Court. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned cases, and this Order shall be without prejudice to the Debtors' rights to seek entry of an order substantively consolidating their respective cases.

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| RIVERSTREET COMMUNICATIONS OF VIRGINIA, INC., | ) | Case No. 26-[ ] ( ) |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Amelia Telephone Corporation (1192), Barnardsville Telephone Company (7071), Electronics Service Co. of Hamlet, LLC (3111), Ellerbe Telephone Company (6911), New Castle Telephone Company (2283), Peoples Mutual Telephone Company (7020), RiverStreet Communications of North Carolina, Inc. (0178), RiverStreet Communications of Virginia, Inc. (4170), RiverStreet Connections, LLC (5545), RiverStreet Intermediate Holdings, LLC (0305), RiverStreet Management Services, LLC (4447), RiverStreet Networks, Inc. (6575), RiverStreet Parent Holdings, LLC (6535), RiverStreet Wireless Assets, LLC (6415), RiverStreet Wireless of North Carolina, Inc. (3925), RiverStreet Wireless of Virginia, Inc. (8359), Saluda Mountain Telephone Company (9061), Service Telephone Company (7059), Tri-County Communications, Inc. (4765), Wilkes Communications, Inc. (6265), and Wilkes Telephone Membership Corporation (2482). The location of the Debtors' corporate headquarters is: 1400 River Street, Wilkesboro, NC 28697.

4. The Clerk is directed to make a notation substantially similar to the following on the docket of each Debtor:

> An order (the "Joint Administration Order") has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia, directing the joint administration of the chapter 11 cases listed below for procedural purposes only. The docket in Case No. 26-72823 (FJS) RiverStreet Communications of Virginia, Inc., should be consulted for all matters affecting these cases, and all further pleadings and other papers shall be filed in and all further docket entries shall be made in such case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order: RiverStreet Communications of Virginia, Inc., Case No. 26-72823 (FJS); Amelia Telephone Corporation, Case No. 26-72822 (FJS); Barnardsville Telephone Company, Case No. 26-72828 (FJS); Electronics Service Co. of Hamlet, LLC, Case No. 26-72831 (FJS); Ellerbe Telephone Company, Case No. 26-72832 (FJS); New Castle Telephone Company, Case No. 26-72833 (FJS); Peoples Mutual Telephone Company, Case No. 26-72834 (FJS); RiverStreet Communications of North Carolina, Inc., Case No. 26-72835 (FJS); RiverStreet Connections, LLC, Case No. 26-72838 (FJS); RiverStreet Intermediate Holdings, LLC, Case No. 26-72839 (FJS); RiverStreet Management Services, LLC, Case No. 26-72825 (FJS); RiverStreet Networks, Inc., Case No. 26-72840 (FJS); RiverStreet Parent Holdings, LLC, Case No. 26-72841 (FJS); RiverStreet Wireless Assets, LLC, Case No. 26-72842 (FJS); RiverStreet Wireless of North Carolina, Inc., Case No. 26-72843 (FJS); RiverStreet Wireless of Virginia, Inc., Case No. 26-72844 (FJS); Saluda Mountain Telephone Company, Case No. 26-72845 (FJS); Service Telephone Company, Case No. 26-72847 (FJS); Tri-County Communications, Inc., Case No. 26-72848 (FJS); Wilkes Communications, Inc., Case No. 26-72849 (FJS); and Wilkes Telephone Membership Corporation, Case No. 26-72826 (FJS).

5. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases; provided, that this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases The caption set forth above shall be deemed to satisfy any applicable requirements of the first sentence of section 342(c) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n).

6. All pleadings and other documents to be filed in the jointly-administered cases shall be filed and docketed in the case of RiverStreet Communications of Virginia, Inc., Case No. 26-72823 (FJS).

7. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court for the United States Bankruptcy Court for the Eastern District of Virginia with the assistance of the notice and claims agent retained by the Debtors in these Chapter 11 Cases.

8. Nothing contained in the Motion or this Order shall be deemed or construed as granting any Debtor standing to be heard on any issue affecting another jointly administered Debtor beyond what is granted under applicable law.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and such notice satisfies the requirements of the Bankruptcy Rules and Local Rules.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. The requirement under Local Rule 9013-1(F) to file a memorandum of law in connection with the Motion is waived.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: ___________, 2026
Norfolk, Virginia

_________________________________
UNITED STATES BANKRUPTCY JUDGE

/s/

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
**TAVENNER & BERAN, PLC**
20 North Eighth Street, Second Floor
Richmond, VA 23219
Telephone: 804-783-8300
Email: ltavenner@tb-lawfirm.com
pberan@tb-lawfirm.com

- and -

**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: 212-561-7700
Gregory V. Demo (*pro hac vice* pending)
Jeffrey W. Dulberg (*pro hac vice* pending)
Jordan A. Kroop (*pro hac vice* pending)
Email: gdemo@pszjlaw.com
jdulberg@pszjlaw.com
jkroop@pszjlaw.com

*Proposed Counsel for the Debtors and Debtors in Possession*

SEEN AND NO OBJECTION:

Kathryn R. Montgomery, Esquire (Va. Bar No. 42380)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
Telephone: (804) 771-2310
Email: kathryn.montgomery@usdoj.gov
Assistant United States Trustee

**CERTIFICATION OF ENDORSEMENT**
**UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

Pursuant to Local Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/

Lynn L. Tavenner